IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


ANDREW TYLER PERKINS                                                    PETITIONER

v.                          NO. 4:17-cv-00535 JM/PSH

WENDY KELLEY, Director of the                                         RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

PRIOR STATE AND FEDERAL COURT PROCEEDINGS. Respondent Wendy Kelley ("Kelley") represents that in April of 2014, Montgomery County, Arkansas, Sheriff David White was walking past the dispatch window at the county jail when he saw petitioner Andrew Tyler Perkins ("Perkins") speaking with a jailer. See Docket Entry 7 at CM/ECF 1. Kelley represents that the following then occurred:

> … Perkins appeared to be having difficulty understanding directions and standing still. … Sheriff White went out in the hall to talk to Perkins and learned that he was bringing some items for an inmate. … Sheriff White observed that Perkins appeared to be under the influence of a stimulant because of his body language, demeanor, and apparent inability to control his body movements, so he decided to follow Perkins out of the jail. …
>
> As Sheriff White drove past the parking lot of the courthouse, he observed Perkins in the driver seat of a white car with the door open. … He then saw Perkins walk back into the courthouse, and he called parole officer Frank Gibson. … Gibson met Sheriff White outside and they heard Perkins singing and saw him skipping as he came out of the courthouse. … After they engaged in a short conversation, Perkins continued to exhibit erratic behavior, included jumbled speech and an apparent inability to control his body movements. … Sheriff White and Gibson asked Perkins to place his hands on a picnic table. … When Perkins placed his hands on the table, he behaved as though he had placed his hands on a hot skillet. … Perkins was then arrested for public intoxication.
>
> Officer Gibson found some keys, an envelope with cash, and a couple [of] car titles in Perkins' pocket. … Perkins told Gibson that one of the keys belonged to the car he was walking toward. … Perkins told Gibson the car belonged to his brother. … Gibson opened the car and found a Mountain Dew can next to the driver's side seatbelt latch, which had scrape markings and residue on it. … He then found a used syringe in the eyeglass compartment. … He then gave the items to Sheriff White for analysis by the Arkansas State Crime Lab, which yielded a positive result for methamphetamine. …

See Docket Entry 7 at CM/ECF 1-3.

Perkins was then charged with possessing drug paraphernalia (methamphetamine) and public intoxication. The State of Arkansas was represented by Prosecuting Attorney Andy Riner ("Riner"). Prior to trial, Perkins filed a motion seeking to disqualify Riner. See Docket Entry 7, Exhibit 1A at CM/ECF 37. In the motion, Perkins asked that Riner be disqualified because Riner had represented Perkins in 2009. The motion was denied. See Docket Entry 7, Exhibit 1A at CM/ECF 90-92. Perkins was eventually convicted of possessing drug paraphernalia (methamphetamine) and public intoxication.

Perkins appealed his convictions. His only claim on appeal was that "the trial court abused its discretion by not granting him a continuance after voir dire." See Perkins v. State of Arkansas, 2016 Ark.App. 252, --- S.W.3d ---, 2016 WL 2604636, 1 (2016).[1] The Arkansas Court of Appeals affirmed his convictions by memorandum opinion, noting in full the following: "When the only issue is whether the trial court abused its discretion, we may affirm by memorandum opinion [footnote omitted]. We have examined the parties' briefs and the applicable law, and we find no abuse of discretion by the trial court in denying the continuance." See Id.

Perkins then filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. See Docket Entry 7, Exhibit 4. Kelley has summarized Perkins' petition. The Court adopts the summary in full, and it is as follows:

---

[1] The record reflects that Perkins sought a continuance after the conclusion of voir dire because he required additional time to "prepare more witnesses that would help [his] case." See Docket Entry 7, Exhibit 1A at CM/ECF 219. The state trial court judge found, though, that Perkins had "plenty of time to do that" and denied the motion for continuance. See Docket Entry 7, Exhibit 1A at CM/ECF 219. In addition, the question of Perkins' fitness to proceed to trial arose at approximately the same point in time. See Docket Entry 7, Exhibit 1A at CM/ECF 217-221. The state trial court judge questioned Perkins and determined that Perkins was lucid and capable of understanding the proceedings and assisting his attorney.

> ... In his petition, Perkins claimed that the vehicle he was observed sitting in prior to his arrest belonged to his brother and that it was abandoned. He claimed that he did not consent to the search of the vehicle and that exigent circumstances did not exist to support a warrantless search of the vehicle. Perkins argued that the contraband recovered from the vehicle was illegally obtained pursuant to a warrantless search and should have been excluded at trial. He claimed that Officer Frank Gibson, a parole officer, had no authority to search his vehicle and that the contraband he found should have been suppressed. Perkins concluded that, had his trial counsel filed a motion to suppress, the search of the vehicle would have been "declared illegal," and the outcome of his trial would have been different.

See Docket Entry 7 at CM/ECF 3-4. The petition was denied because Perkins failed to show that counsel erred in any respect. See Docket Entry 7, Exhibits 5, 6.

On September 28, 2016, Perkins appealed the denial of his Rule 37 petition. The record on appeal was never lodged, though, because it was not filed "within [ninety] days from the date of the filing of the notice of appeal." See Docket Entry 7, Exhibit 8.

On March 15, 2017, Perkins filed a petition for writ of habeas corpus pursuant to Ark. Code Ann. 16-112-101 through 16-112-123 in Montgomery County Circuit Court. See Docket Entry 7, Exhibit 9. In the petition, he alleged the following:

> Illegal search and seizure. Sheriff can't use a parole officer to make a search to get around a warrant. Officer Gibson can't search a vehicle that's not mine unless I was lawfully stopped in it. Also, there was a conflict of interest. The prosecuting attorney was my attorney in 2009. We didn't end friendly. He don't like me. In sentencing, he used my sentence as punishment. He lied and said I was not eligible for RPF program and that 12 years is what I needed with no fine. No court gives 12 years in ADC for possession of drug paraphernalia. Conviction should be overturned due to a violation of my 4th Amendment rights and conflict of interest.

See Docket Entry 7, Exhibit 9 at CM/ECF 1-2. The petition remains pending before the state trial court judge.

THE PETITION AT BAR. Perkins began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his 2015 convictions for possessing drug paraphernalia (methamphetamine) and public intoxication. Liberally construing his petition, he raised the following three claims: (1) his conviction was obtained in violation of his Fourth Amendment rights because "[t]he Sheriff used a parole officer to search a vehicle to get around having to have a search warrant," see Docket Entry 1 at CM/ECF 4; (2) Perkins' attorney was ineffective because counsel failed to raise the illegal search and seizure issue; and (3) Riner had a conflict of interest because he represented Perkins in 2009.

Kelley filed a response to Perkin's petition. In the response, Kelley maintained that the petition should be dismissed because the claims raised in it are procedurally barred from federal court review, were adjudicated on the merits in the state courts of Arkansas, and are otherwise conclusory or without merit.

Before giving serious consideration to Kelley's response, the undersigned accorded Perkins an opportunity to file a reply. Perkins was given until November 24, 2017, to file a reply. He filed nothing, and the time for doing so has now passed.

STAY. Perkins filed his state habeas corpus petition on March 15, 2017. In that petition, he raised several of the claims he now raises in the case at bar.[2] That petition remains pending before the state trial court judge. The question is whether to move forward with this case or whether it should instead be stayed pending the resolution of Perkins' state habeas corpus petition.

---

[2] Kelley maintains that Perkins' state habeas corpus petition and the petition at bar contain the same claims. The undersigned, though, construes the petition at bar broader than does Kelley and construes it to also contain a claim challenging counsel's failure to raise the Fourth Amendment issue.

Rhines v. Weber, 544 U.S. 269 (2005), provides that a district court may stay a proceeding brought pursuant to 28 U.S.C. 2254. The circumstances are limited, though, and United States District Judge Richard G. Kopf identified those circumstances as follows in Roberts v. Norris, 526 F.Supp.2d 926, 946 (E.D.Ark. 2007):

> Before a judge should exercise his or her discretion under Rhines, the judge should be persuaded that three prerequisites exist. They are: (1) the federal habeas petition was timely filed (even though it would be untimely if dismissed and filed again after exhaustion); (2) the federal habeas petition presents at least one federal claim (or a portion of a federal claim) that has been exhausted, that is, the habeas petition is truly a "mixed" petition; and (3) there is a plausible argument that the petitioner has an available state remedy.

Applying the foregoing to this case, there is no plausible argument that the remedy Perkins is pursuing in state court is "available" to him, and this case should not be stayed pending the resolution of his state habeas corpus petition. As Kelley correctly maintains, Perkins' state habeas corpus petition is irrelevant to this case because his claims are not cognizable in a state habeas proceeding and the petition was filed in the wrong jurisdiction. Kelley specifically maintains, and the Court adopts, the following:

> In Arkansas, a writ of habeas corpus will issue only if the commitment order was invalid on its face or the trial court lacked jurisdiction. See Meny v. Norris, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000). The allegations raised by Perkins in his state habeas petition did not address either the validity of the commitment order or question … the jurisdiction of the trial court. Additionally, the Montgomery County Circuit Court does not have jurisdiction to release Perkins on a writ of habeas corpus. See Mackey v. Lockhart, 307 Ark. 321, 322, 819 S.W.2d 702, 703 (1991). A state habeas petition must be properly filed in the circuit court in the county in which the petitioner is being held in custody. Id. Perkins is currently in the custody of the Arkansas Department of Correction in Jackson County, Arkansas. Therefore, his state habeas corpus petition was filed in the wrong court.

6

> Even though the petition is still pending in state court, Perkins will not be able to obtain relief in state court. The state habeas action is jurisdictionally improper and raises claims that are not cognizable in an action under Ark. Code Ann. 16-112-101. …

See Docket Entry 7 at CM/ECF 5-6.

PROCEDURAL BAR. Turning to Perkins' claims, they are likely procedurally barred from federal court review.[3] He did not appeal the rejection of the claims to the Arkansas appellate courts.[4] There is no indication he can show the requisite cause and prejudice or that he is actually innocent. Rather than definitively determine whether the claims are procedurally barred, the undersigned will simply bypass the issue and address his claims because it is clear they warrant no relief. See Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (although procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching merits if they are easily resolved). As the Court of Appeals observed in Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998), "the simplest way to decide a case is often the best."

---

[3]  Generally, a federal court will not consider a claim if it was not first fairly presented to the state court in accordance with the state's procedural rules. See Coleman v. Thompson, 501 U.S. 722 (1991); Clemons v. Luebbers, 381 F.3d 744 (8th Cir. 2004). See also Adams v. Hobbs, 2014 WL 5306782 (E.D.Ark. 2014) (Baker, J.). The obligation to "fairly present" the claim requires the petitioner to have presented the same facts and legal theories to the state court that he now presents to the federal court. See Jones v. Jerrison, 20 F.3d 849 (8th Cir. 1994). The claim need not be an exact duplicate at both the state and federal levels, but there must be at least an arguable factual commonality between the claims presented at the state and federal levels. See Vogt v. Pringle, 2017 WL 913612, 6 (D.N.D. 2017), report and recommendation adopted at 2017 WL 908186 (D.N.D. 2017) (citations and internal quotations omitted). The requirement that the claim be presented in accordance with the state's procedural rules focuses upon whether the claim was resolved at the state level on an independent and adequate non-federal ground, a ground that is firmly established and regularly followed. See Johnson v. Lee, 578 U.S. ---, 136 S.Ct. 1802, 195 L.Ed.2d 92 (2016). If the claim was not fairly presented or was resolved on an independent and adequate non-federal ground, a procedural default is deemed to have occurred. The claim cannot be considered by the federal court unless the petitioner can show cause and prejudice or, alternatively, that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994).

[4]  There is no indication that Perkins raised his Fourth Amendment claim at trial. In any event, it is clear that he did not raise the claim on direct appeal. Although the state trial court judge appears to have considered Perkins' ineffective assistance of counsel claim at the post-conviction stage, Perkins did not properly appeal the denial of his Rule 37 petition. Perkins also did not appeal the denial of his motion to disqualify Riner.

FOURTH AMENDMENT CLAIM. Perkins first maintains that his conviction was obtained in violation of his Fourth Amendment rights. He specifically maintains that "[t]he Sheriff used a parole officer to search a vehicle to get around having to have a search warrant." See Docket Entry 1 at CM/ECF 4.

Stone v. Powell, 428 U.S. 465 (1976), provides that a Fourth Amendment claim is not cognizable in a federal habeas corpus proceeding if the State afforded the petitioner an opportunity for full and fair litigation of the claim. In Willett v. Lockhart, 37 F.3d 1265 (8th Cir. 1994), the Court of Appeals adopted a two-part test for determining whether a petitioner had an opportunity for full and fair litigation of a Fourth Amendment claim in state court. "Under this test, a Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas courts, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." See Id. at 1273.

The undersigned's review of Perkins' Fourth Amendment claim is precluded by Stone v. Powell. In this instance, the State of Arkansas afforded Perkins an opportunity for full and fair litigation of the claim, although he never took full advantage of that opportunity. There was a procedure in place for him to raise his claim, and he could have obtained appellate court review of an adverse ruling.[5] There is also no evidence that he was foreclosed from using the procedure because of an unconscionable breakdown in the system.

---

[5] "The federal courts on habeas review of [Fourth Amendment] claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." See Willett v. Lockhart, 37 F.3d at 1273 (emphasis in original).

INEFFECTIVE ASSISTANCE OF COUNSEL. Liberally construing Perkins' petition, he next maintains that his attorney was ineffective because counsel failed to file a motion to suppress. It is Perkins' position that Frank Gibson, a parole officer, had no authority to search the vehicle where contraband was found, and a properly filed motion to suppress the contraband would have been granted and the evidence suppressed.

Perkins' claim is governed by Strickland v. Washington, 466 U.S. 668 (1984). It requires him to show, in part, that counsel's performance fell below an objective standard of reasonableness. See White v. Dingle, 757 F.3d 750 (8th Cir. 2014). The failure to file a motion to suppress evidence is not, as Kelley correctly notes, per se ineffective assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365 (1986). Instead, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." See Id. at 375.

Perkins' claim warrants no relief because counsel committed no error. The undersigned so finds for two reasons. First, Perkins appears to maintain that the vehicle where the contraband was found belonged to Perkins' brother or, alternatively, the vehicle was abandoned. In either instance, there is no indication that Perkins had a reasonable expectation of privacy in the vehicle. See United States v. Douglas, 744 F.3d 1065 (8th Cir. 2014) (touchstone of Fourth Amendment analysis is whether person had reasonable expectation of privacy). Because he lacked such an expectation, he cannot show that a motion to suppress would have been meritorious.

Second, assuming Perkins had a reasonable expectation of privacy in the vehicle, the undersigned agrees with Kelley that Perkins had previously given consent to a warrantless search of the vehicle. Specifically, Kelley maintains, and the undersigned adopts, the following:

> ... [A]t the time of [Perkins'] arrest on April 10, 2014, [he] was under parole supervision. **Respondent's Exhibit 10**. As a part of his "Conditions of Release" from the Arkansas Department of Correction, which Perkins initialed and signed, [he] impliedly consented to warrantless search and seizure of vehicles in his possession. See Cherry v. State, 302 Ark. 462, 466, 791 S.W.2d 354, 356 (1990); see also Griffin v. Wisconsin, 483 U.S. 868 (1987). Perkins failed to argue or demonstrate to the circuit court that the parole officer's search of the vehicle was unreasonable or otherwise illegal. He has thus failed under Kimmelman to prove that his Fourth Amendment claim is meritorious or that there is a reasonable probability that the evidence obtained from the vehicle would have been excluded had ... trial counsel filed a motion to suppress and had the ruling on the motion been reviewed on direct appeal. ...

See Docket Entry 7 at CM/ECF 11. [Emphasis in original].

CONFLICT OF INTEREST. Perkins' last claim is that Riner had a conflict of interest. Perkins maintains that the conflict arose because Riner had represented Perkins in 2009.

A prosecutor cannot prosecute an accused on the basis of facts wholly or partially acquired by the prosecutor through a prior professional relationship. See Gajewski v. United States, 321 F.2d 261 (8th Cir. 1963) (prosecutor represented accused in prior civil proceeding). If, though, there is no substantial relationship between the former representation and the present prosecution, and "if the prosecutor will not be called upon to use against his former client any confidential knowledge gained through their former association, no prejudice will result to the accused." See Id. at 267.

10

Perkins' claim warrants no relief because he offers no facts to substantiate it. For instance, he does not describe what the prior professional relationship was; whether there is a substantial relationship between that representation and his prosecution for possessing drug paraphernalia (methamphetamine) and public intoxication; what, if any, facts Riner acquired through the prior professional relationship; and whether Riner used in the prosecution any facts he acquired as a result of the prior professional relationship. At most, Perkins alleges that Riner punished Perkins because their prior professional relationship did not end well. Perkins fails, though, to offer any facts to substantiate his assertion.

<u>RECOMMENDATION</u>. For the foregoing reasons, the undersigned finds that Perkins' petition warrants no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied.

DATED this 4th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE